# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2243

_____

United States of America

*Plaintiff - Appellee*

v.

Dennis W. Myers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 10, 2014
Filed: December 22, 2014
[Unpublished]

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Dennis Myers directly appeals the sentences that the district court[1] imposed after he pleaded guilty to sex offenses. His counsel seeks leave to withdraw, and has

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the district court abused its discretion in varying upward from the calculated Guidelines range to impose the statutory maximum sentences. Myers has moved for the appointment of new counsel.

Upon careful review, <u>see</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (abuse-of-discretion review of sentencing decision), we conclude that the sentences are not unreasonable. The district court considered the extensive evidence and arguments presented by both sides at the sentencing hearing, and explicitly, carefully, and at length explained the court's reasons for varying upward under the sentencing factors of 18 U.S.C. § 3553(a) as applied to Myers. <u>See</u> <u>United States v. Richart</u>, 662 F.3d 1037, 1051 (8th Cir. 2011) (upholding upward variance to statutory maximum and imposition of consecutive sentences); <u>United States v. Mangum</u>, 625 F.3d 466, 470 (8th Cir. 2010) (upward variance is reasonable where district court makes individualized assessment of § 3553(a) factors). Further, having independently reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we affirm the judgment. We also grant counsel leave to withdraw, and we deny as moot the motion for appointment of new counsel.

_____